**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
February 21, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
      DEPUTY CLERK

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:20CR00030 |
| v.            ) | **OPINION** |
| ) | |
| **THOMAS BLAKE HILL,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.            ) | |

*Drew O. Inman, Assistant United States Attorney, Roanoke, Virginia, for United States; Erin Trodden, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, previously sentenced by this Court, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines (USSG). For the following reasons, I find that the relevant sentencing factors under 18 U.S.C. § 3553(a) preclude any reduction.

I.

The defendant Hill was sentenced by this Court on April 8, 2021, after his guilty pleas to the crimes of knowingly possessing or selling explosive materials shipped in interstate commerce, having reasonable cause to believe that the materials had been stolen, in violation of 18 U.S.C.§ 842(h), and knowingly possessing an explosive shipped in interstate commerce while knowing he had been previously

convicted of a felony, in violation of 18 U.S.C. § 842(i)(1). At sentencing, his applicable guideline range was determined to be 46 to 57 months. However, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Hill's Plea Agreement provided that he would be sentenced to a period of incarceration within the range of 72 months to 108 months. The Court accepted the Plea Agreement and sentenced Hill to 72 months' incarceration.[1]

II.

Hill seeks a reduction based upon the retroactive application of the Part A of Amendment 821 to the guidelines, which reduces his criminal history category from III to II, producing a guideline range of 41 to 51 months.[2] He requests that the Court reduce his sentence to 64 months, a comparable departure from the 11(c)(1)(C)-

---

[1] The Plea Agreement stated that "[b]ecause the parties have stipulated the agreed to sentence of imprisonment is reasonable regardless of the guidelines calculations, I waive any right I may have to any future reduction in sentence based on a change in the sentencing guidelines." Plea Agreement 3, ECF No. 22. The government does not rely upon this waiver, and it is not mentioned by the parties in their briefing.

Plea agreement waivers of future § 3582(c)(2) reductions are normally enforceable. *See, e.g., United States v. Lewis*, No. 22-195, 2024 WL 3414245, at *5 (W.D. Penn. July 15, 2024) (citing cases). But because of the absence of a request from the government, I will not rely on the waiver here.

[2] The Sentencing Commission adopted Amendment 821, effective November 1, 2023. 88 Fed. Reg. 28254-01 (May 3, 2023) 2023 WL 3199918. Part A of Amendment 821 has the effect of lowering a Criminal History Score by eliminating in its calculation the so-called "status points" for defendants, like Hill, with six or fewer Criminal History Points. The Sentencing Commission later made this amendment retroactive to sentences imposed prior to its adoption and thus subject to the provisions of USSG § 1B1.10 (2024).

based sentence.  In opposition, the government contends that Hill is ineligible for a reduction because his Plea Agreement provided that his guideline range should be calculated as though he had also been convicted of knowingly using an explosive to commit a federal felony offense in violation of 18 U.S.C. § 844(h)(1).  Plea Agreement 2, ECF No. 22.  A conviction under § 844(h)(1) requires a minimum sentence of 10 years.  Since this mandatory minimum becomes the low end of the guideline range pursuant to USSG § 2K2.4(a), the government reasons that the Court is prevented from reducing the sentence because any such reduction would be to less than the amended range, which is still at least 10 years.  Gov't's Resp. 4–5, ECF No. 50.

Alternatively, the government asserts that even if Hill is eligible for reduction in sentence, proper consideration of the sentencing factors under 18 U.S.C. § 3553(a) should convince the Court to exercise its discretion not to reduce his sentence.

In reply, Hill argues that because Hill was not actually convicted under § 844(h)(1), he was not subject to its mandatory minimum.  In addition, Hill points out that the Court previously determined that the proper guideline range was 46 to 57 months, rather than the mandatory minimum of 120 months urged by the government.  Statement of Reasons § III, ECF No. 38.

Finally, Hill argues that a sentence of 64 months would satisfy the sentencing goals established under § 3553(a).  Hill points to his youth at the time of the events

in the case (20 years old), his unfortunate upbringing, and his more hopeful conduct while in prison. He also invites the Court to review the nature of his criminal conduct, which would show a "more nuanced" explanation for his crimes. Def.'s Resp. 10, ECF No. 10.

III.

"A court must first determine that a reduction is consistent with [§]1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Even assuming that the government's arguments as to eligibility are correct, I find in any event that a reduction in sentence is not warranted. The defendant's very serious and dangerous conduct and the need for deterrence support the sentence imposed, even in light of the defendant's arguments as to his history and circumstances.

IV.

For the reasons stated, I will deny the defendant motion under § 3582(c)(2). A separate order will be entered herewith.

DATED: February 21, 2025

/s/  JAMES P. JONES
Senior United States District Judge